UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:17-CR-086 |
| | ) |
| JIMMY MCLAIN MOORE | ) |

# **MEMORANDUM AND ORDER**

The single count indictment in this case charges defendant Jimmy McLain Moore, along with codefendants Jamie William Cook and Gary Dean Holder, with conspiring to distribute 50 grams or more of methamphetamine. Codefendants Cook and Holder have entered guilty pleas. Following a two-day jury trial, defendant Moore was found guilty.

The defendant moved for acquittal at the close of the government's proof at trial. That request was denied. Now before the Court is the timely "Motion by the Defendant Jimmy McLain Moore for Judgment of Acquittal or in the Alternative for a New Trial." [Doc. 167]. The government has responded in opposition. [Doc. 173]. For the reasons that follow, the motion will be denied.

I.

*Motion for Judgment of Acquittal*

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). The court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

In this case, the government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the drug laws; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. Proof of a formal agreement is not required. "[A] tacit or material understanding among the parties will suffice." *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (citation omitted). "Once a conspiracy is shown beyond a reasonable doubt, a defendant's connection to the conspiracy, need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement." *Id.* (citation and quotation omitted).

The defendant argues that the government failed to prove an agreement between him and the codefendants. According to the defendant, "There is no question Cook and Holder were distributing methamphetamine in Monroe County [Tennessee], but there is no proof that the Defendant Moore knew of their activities or agreed to participate in those activities. At best, the Government's proof showed he sold methamphetamine to Cook and Holder in the classic buyer-seller relationship." [Doc. 167, p.4].

In this case—considering the evidence in the light most favorable to the government—a rational jury could have found the essential elements of count one beyond a reasonable doubt. The jurors heard the testimony of Holder, Postal Clerk Wally Racelis, Officer Dennis Graham, and Postal Inspector Wendy Boles regarding the January 2017 seizure of a package containing approximately one pound of methamphetamine mailed to Holder from California. The sender of that package identified himself as "Mark Pumfall" on the address label. To be certain, that is not the defendant's name. However, the return address on the package matches the defendant's California driver's license, and the listed phone number belonged to the defendant.

The jury heard and saw extensive proof of other mailings back and forth between the defendant, Cook, and Holder. Some packages to East Tennessee bore the defendant's name as the sender, and several had a return address and phone number matching the defendant, as shown by evidence gleaned from Sprint records, the defendant's driver's license, and texts found on Holder's phone. Further, one of those phone numbers was used by codefendant Cook to call the defendant in the presence of Officer Graham.

Holder testified that the defendant would mail methamphetamine to Holder's address for Cook and others to pick up. Holder did not see the contents of every package, but the contents he did see always included methamphetamine. Holder testified that he and Cook would, in turn, mail payments to the defendant for the methamphetamine. Holder further testified that he knew the defendant was the mailer of these packages because of phone conversations between himself and the defendant. Packing labels from

prior mailings were found at Holder's residence.

Further, phone conversations between the defendant and Cook evidenced a practice of mailing *something* to and from California and East Tennessee. These calls also showed a familiarity between the two men.

Viewing this evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that the defendant conspired to distribute methamphetamine with Holder and Cook, and that the defendant's relationship with those two men was more than one of mere buyer and seller. The defendant is of course correct that "a buyer-seller relationship alone is insufficient to [establish] a conspiracy because mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy." *Deitz*, 577 F.3d at 680 (citation and quotation omitted). There should be "additional evidence, beyond the mere purchase or sale, from which the knowledge of the conspiracy could be inferred." *Id.* Factors to be considered include: the length of the relationship; the established method of payment; the extent to which transactions were standardized; and the level of mutual trust between the buyer and the seller. *Id.* at 681 (citations omitted).

The government in this case offered proof of at least 17 packages mailed from California to Cook or Holder between April 2016 and January 2017, several of which bore the defendant's name and/or a return address and phone number associated with him.[1] The government also introduced proof of at least 15 mailings from East Tennessee

---

[1] Evidence did not show a return address for most of these packages. [Doc. 154, ex. 68C].

to the defendant (by name, and/or to an address associated with him) between September 2016 and January 2017. Holder testified that such mailings contained payment to the defendant for methamphetamine, and that the defendant sometimes fronted him methamphetamine for resale. Additionally, the Court again notes the familiarity, pattern, and practice evident in the phone calls between Cook and the defendant. This evidence shows a longstanding relationship with established methods of payment, standardized transactions, and mutual trust between the defendant and his confederates. The Court also observes that the package intercepted in January 2017 contained approximately one pound of methamphetamine. That is far from a user quantity, further evidencing the defendant's knowledge that the methamphetamine would be further distributed by Cook and Holder.

The renewed motion for judgment of acquittal will accordingly be denied.

II.

*Motion for New Trial*

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). Unlike Rule 29 review, the

court in deciding a Rule 33 motion may assess witness credibility and the weight of the evidence. *Id.* at 593.

The defendant presents three theories in support of his request for a new trial. He restates his Rule 29 argument, complains that codefendant Cook was not subject to cross examination, and deems Holder an incredible witness. The first of these arguments has already been addressed herein, and the second has been ruled upon by prior order. [Doc. 150]. As for codefendant Holder, the Court found his testimony sufficiently credible, and his testimony was consistent with and corroborated by the remaining evidence presented by the government.

The Court heard and viewed all of the evidence at trial and observed the witnesses first-hand. From the Court's perspective, the witnesses were credible as a whole and the proof of the defendant's guilt was sufficient. The jury's decision in this case was not against the manifest weight of the evidence. This is not "the extraordinary circumstance where the evidence preponderates heavily against the verdict." The defendant's Rule 33(a) motion will be denied.

## III.

*Conclusion*

As provided herein, the "Motion by the Defendant Jimmy McLain Moore for Judgment of Acquittal or in the Alternative for a New Trial" [doc. 167] is **DENIED**. Sentencing remains set for Monday, March 11, 2019, at 1:30 p.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge