UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-KAC-DCP-3 |
| | ) | |
| JIMMY MCLAIN MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Jimmy McLain Moore filed a pro se "Motion for Release to Home Confinement" [Doc. 346]. After retaining counsel, Defendant Moore filed an "Amended Motion for Compassionate Release" [Doc. 369]. For the reasons stated below, the Court **DENIES** Defendant's "Motion for Release to Home Confinement," [Doc. 346], as **MOOT** and **DENIES** Defendant's "Amended Motion for Compassionate Release," [Doc. 369]. *See* 18 U.S.C. § 3582(c)(1)(A).

### I. Background

On August 15, 2017, Defendant was charged with conspiring to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [*See* Doc. 1]. Defendant proceeded to trial and a jury found him guilty [*See* Doc. 155]. Defendant was responsible for conspiring to distribute approximately 2.55 kilograms of actual methamphetamine through the mail [*See* Doc. 223 at 5-6, *sealed]. The Court sentenced Defendant to 292 months' imprisonment, at the bottom of the applicable advisory guideline range, and a five-year (5-year) term of supervised release [*See* Doc. 240]. Prior to the instant offense, Defendant had a lengthy criminal history, including offenses involving the

possession, manufacture, and exchange of controlled substances [*See* Doc. 223 at 7-11, *sealed*]. And he committed the instant offense while on probation for prior drug-trafficking convictions [*Id.* ¶¶ 37, 39]. Defendant has served approximately five (5) years of his term of imprisonment and expects to complete his term on February 18, 2038 [Doc. 382-2, *sealed*]. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed August 7, 2023).

On April 20, 2021, Defendant submitted a "Request for Release to Home Confinement pursuant to 18 U.S.C. § 3624(c)(2) or Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 346-1 at 1] to the Warden of Federal Correctional Institution Victorville Medium I (Victorville). Over thirty (30) days passed without a reply from the Bureau of Prisons (BOP) [*See* Doc. 369 at 2]. On June 2, 2021, Defendant initially asked the Court to release him to home confinement or grant "a downward departure to what was offered by the prosecutor in the plea agreement which was 168 months, because of serious and significant medical conditions . . . during Covid-19 Pandemic" and because "the Court imposed a sentence greater than necessary" under 18 U.S.C. § 3553(a) [Doc. 346 at 1-2]. Thereafter, Defendant retained counsel to represent him [Doc. 350].

Defendant, through counsel, then filed an "Amended Motion for Compassionate Release," [Doc. 369], requesting that the Court "grant [Defendant] compassionate release and order his immediate release" [*Id.* at 1]. Defendant asserts that his "medical conditions manifest extraordinary and compelling reasons justifying his release because the Bureau of Prisons cannot manage his medical care and release is consistent with policy statements by the United States Sentencing Commission and the 18 U.S.C. § 3553(a) factors" [*See id.*]. Defendant also argues that his medical conditions were not adequately presented to the Court at sentencing and "[f]ailure to

2

grant compassionate release would violate [Defendant's] constitutional protections against cruel and unusual punishment and to due process" because his "deteriorating medical conditions have effectively turned his sentence into a death sentence" [Doc. 374 at 10, 24, *sealed]. Since filing his Amended Motion, Defendant has filed a number of supplemental memoranda and exhibits, including medical records, in support of his second motion, asserting that his physical condition has "deteriorated significantly" in custody and that the BOP is unable to provide necessary medical care [*See* Docs. 374, *sealed; 375; 380, *sealed; 385; 387; 399, *sealed]. Specifically, Defendant, who is now 58 years old, relies on his diagnoses of hypertension, congestive heart failure, colitis, chronic kidney disease, and chronic obstructive pulmonary disease (COPD), among others [*See* Doc. 374-3 at 10, 3366, 3983, *sealed].

The Government opposes Defendant's motions because (1) Defendant "has not established that he has any terminal illness, nor that his medical conditions have substantially diminished his ability to care for himself or to perform activities of daily living," [Doc. 382 at 9, *sealed]; (2) the "possibility that [Defendant's] sentence might exceed his natural lifespan was inherent in the length of the sentence imposed by the Court and thus cannot constitute an extraordinary and compelling reason for release," [*Id.* at 11]; (3) Defendant is fully vaccinated against COVID-19 and "largely faces the same risk from COVID-19 as those who are not incarcerated," [*Id.* (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021))]; and (4) the Section 3553(a) factors "weigh strongly against [Defendant's] release," [*Id.* at 12]. Further, the Government claims that "to the extent [Defendant] seeks relief based on the medical care he has received" while in the BOP, "such claims should be raised, if at all, in a separate civil suit after exhausting available administrative remedies" [*Id.* at 8]. This matter was recently reassigned to the undersigned.

## II.    Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013).    Congress conferred authority to make "[d]ecisions regarding home confinement under the CARES Act . . . to the Bureau of Prisons." *See United States v. Matthews*, No. 21-1697, 2022 WL 1410979, at *3 (6th Cir. 2022).    District Courts, therefore, do not have the authority to grant such a request under the CARES Act.    However, Section 3582(c)(1)(A) does provide narrow circumstances under which the Court may reduce an incarcerated individual's sentence.    *See* 18 U.S.C. § 3582(c)(1)(A).    As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the . . . [individual's] behalf" or thirty (30) days must have elapsed "from the receipt of such a request by the warden of the . . . [individual's] facility," whichever is earlier.    18 U.S.C. § 3582(c)(1)(A).

If that threshold requirement is met, a district court may reduce a sentence where the Court concludes that (1) "extraordinary and compelling reasons warrant a sentence reduction," and (2) the Section 3553(a) factors, to the extent they apply, support a reduction.    *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted).    A reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," but no such statement applies when a prisoner, rather than the BOP, moves for compassionate release.    *See United States v. McKinnie*, 23 F.4th 583, 586 (6th Cir. 2022).    Yet policy statements may be "relevant, even if no longer binding." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021) (citing *United States v. Byrd*, 842 F. App'x 915, No. 20-20470, 2021 WL 435105, at *2 (5th Cir. Feb. 8, 2021) (per curiam) ("But because district courts are free 'to define 'extraordinary and

compelling' on their own initiative,' . . . they may look to § 1B1.13 as relevant, even if no longer binding.")). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

As an initial matter, the Court **DENIES** Defendant's pro se "Motion for Release to Home Confinement" [Doc. 346] as **MOOT** because Defendant filed an exhaustive counseled "Amended Motion for Compassionate Release" [Doc. 369]. As to Defendant's "Amended Motion for Compassionate Release," Defendant satisfied the threshold exhaustion requirement. But he has not provided "extraordinary and compelling reasons warrant[ing] a sentence reduction." *See Elias*, 984 F.3d at 518 (citations and quotations omitted).

***First***, Defendant has not established that his medical conditions, either individually or in the aggregate, constitute an extraordinary and compelling reason to grant compassionate release. As relevant to Defendant, United States Sentencing Guidelines § 1B1.13 Application Note 1 provides that extraordinary and compelling reasons exist if a defendant has a "serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1. Defendant's medical records show that he suffers from serious medical conditions. But Defendant fails to show that those conditions substantially diminish his ability to provide self-care. On July 26, 2021, Defendant told medical providers that "he is functionally independent with all ADLs," and there is no evidence on the record to indicate that his independence has since diminished [Doc. 380 at 45, *sealed]. Although not dispositive, this failure, combined with consideration of other relevant factors, counsels against finding an extraordinary and compelling reason for Defendant's release. *See Tomes*, 990 F.3d at 503 n.1; *see*

5

*also United States v. Kincaid*, 802 F. App'x 187, 188-89 (6th Cir. 2020) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 20020) (affirming the district court's order denying compassionate release to an inmate with advanced-stage liver cancer and a prognosis of 2-3 months life expectancy)).

The COVID-19 pandemic does not change the Court's analysis in this case. Alone, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Defendant is fully vaccinated [Doc. 349 at 220, *sealed]. He is located at Victorville. There are currently no COVID-positive individuals, whether staff or inmate, at Victorville. *See* BOP COVID-19 Statistics, Federal Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/covid19_statistics.html (accessed August 7, 2023). Victorville is classified as a BOP COVID-19 Operational Level 1, meaning that the medical isolation rate is less than two percent (2%) of the inmate population, the facility vaccination rate is greater than or equal to sixty-five percent (65%), and the community transmission rate is less than 100 per 100,000 over the last seven (7) days. *See* FCI Victorville Medium I, Federal Bureau of Prisons, *available at* https://www.bop.gov/locations/institutions/vim/ (accessed August 7, 2023). Moreover, on February 10, 2023, President Biden provided notice of his intent to terminate the COVID-19 national emergency on May 11, 2023. *Termination of COVID-19 National Emergency*, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS (Apr. 3, 2023). And Congress passed a joint resolution (H.J. Res. 7) declaring the end of the national emergency, which President Biden signed into law on April 10, 2023. *See* National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Given Defendant's vaccination status and Victorville's current COVID-19 management,

Defendant's underlying health concerns combined with the threat of COVID-19 do not present an extraordinary and compelling reason warranting a sentence reduction.

*Second*, Defendant's argument that the length of his sentence constitutes an extraordinary and compelling reason in favor of his release because his "deteriorating medical conditions have effectively turned his sentence into a death sentence," [Doc. 374 at 24, *sealed], is unavailing. Alone, "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). Given Defendant's age and the length of the sentence imposed, the likelihood that Defendant would not outlive his term of imprisonment existed at the time of sentencing. And to the extent Defendant alleges that the length of his sentence constitutes cruel and unusual punishment under the Eighth Amendment, such a claim is most properly raised in a civil lawsuit, not in a claim for relief under Section 3582(c). *See United States v. Pooler*, No. 3:18-cr-00137, 2020 WL 7046964 (S.D. Ohio Dec. 1, 2020) (collecting cases) ("[T]o the extent that Pooler is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments . . . a compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations . . . ."). Likewise, any "alleged failure of the [BOP] to provide [Defendant] with adequate medical care" "should be addressed through 42 U.S.C. § 1983 or another appropriate civil remedy, not through a motion for compassionate release." *United States v. Guzman*, No. 3:10-CR-161-TAV-DCP, 2021 WL 5217624, at *6 (E.D. Tenn. Nov. 9, 2021), *aff'd*, No. 21-6125, 2022 WL 1738023 (6th Cir. Apr. 14, 2022).

And "while the availability of a potential Eighth Amendment remedy does not foreclose granting compassionate release," the record in this case does not show "a history of BOP's gross

7

mismanagement" of Defendant's health conditions. *See United States v. English*, No. 2:19-CR-20164-TGB-EAS-1, 2022 WL 17853361, at \*5-6 (E.D. Mich. Dec. 22, 2022). "[F]ailure to provide necessary treatment or undue delays in treating serious medical conditions" can present extraordinary and compelling reasons for compassionate release. *Id.* (quoting *United States v. Verasawmi*, No. 17-254, 2022 WL 2763518, at \*7 (D.N.J. July 15, 2022)). But the record shows that BOP has repeatedly sought appropriate care for Defendant by referring him to local hospitals to assess and treat his conditions [*See* Docs. 349; 371-3; 380].

*Finally*, even if Defendant's medical conditions or the BOP's provision of medical care could constitute an extraordinary and compelling reason for Defendant's release, the Section 3553(a) factors counsel against modifying Defendant's sentence. *See Kincaid*, 802 F. App'x at 188-89 (district court did not abuse discretion in determining that the Section 3553(a) factors weighed against granting immediate release of a terminally ill defendant). Defendant is serving a sentence of 292 months' imprisonment for conspiring to distribute significant amounts of methamphetamine through the mail [*See* Doc. 240]. This is a serious offense that endangered Defendant and the community. *See* 18 U.S.C. § 3553(a)(1); *States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (noting that district courts have "wide latitude to deny compassionate release based on the seriousness of the underlying offense"). To date, Defendant has only served approximately five (5) years of his sentence [*See* Doc. 382-2, \*sealed]. *See Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that the amount of time a defendant has already served is relevant to several of the Section 3553(a) factors). Defendant has a substantial criminal history that includes multiple drug trafficking offenses, and the instant offense was committed while Defendant was on probation for prior drug trafficking offenses [*See* Doc. 223 at 7-11, \*sealed]. *See* 18 U.S.C. § 3553(a)(1). Continued incarceration is required to reflect the seriousness of the offense, provide just

punishment, and afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2); *see also, e.g., United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[A] district court acts within its discretion when it denies compassionate release based on the seriousness of the underlying offense."); *United States v. Greene*, 847 F. App'x 334, 337 (6th Cir. 2021) (finding that the serious nature of the offense of conspiracy to distribute narcotics and the defendant's extensive criminal history supported the district court's denial of compassionate release). Having considered each of the relevant Section 3553(a) factors, a modification of Defendant's sentence is not appropriate.

Accordingly, the Court **DENIES** Defendant's Motions for Compassionate Release [Docs. 346, 369].

IT IS SO ORDERED.

_____

KATHERINE A. CRYTZER
United States District Judge